IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOUIS WAGGONER, § § Plaintiff, § § V. § § COMMUNITY LOAN SERVICING, § LLC, and DAVID QUINT, § INDIVIDUALLY AND D/B/A § COMMUNITIY LOAN SERVICING, § LLC, § § Defendants. § | No. 3:23-cv-700-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

Defendants Community Loan Servicing, LLC and David Quint, individually and d/b/a Community Loan Servicing, LLC, removed this case based on 28 U.S.C. § 1331 federal question jurisdiction. *See* Dkt. No. 1.

Plaintiff Louis Waggoner has filed a motion to remand to state court, but the motion is signed by Lawrence Hill, who does not represent that he is an attorney but purports to sign the motion to remand on behalf of Louis Waggoner Estate and Trust (and Don Oatman Estate and Trust) through a durable power of attorney. *See* Dkt. No. 7. And the motion references two additional parties – "Don Oatman Estate and Trust

and oatman: don, exe." and "hill: lawrence, [sic] as authorized agent (via DPOA) on behalf of Executor Office for Louis Waggoner Estate and Trust and Don Oatman Estate and Trust" – but neither is mentioned or listed in the petition that Waggoner filed in state court and based on which Defendants removed this action. *Compare* Dkt. No. 7, *with* Dkt. No. 1-1.

Defendants have filed a Motion to Strike or In the Alternative Response and Opposition to Plaintiff's Motion to Remand. *See* Dkt. No. 13.

No reply has been filed, and the deadline to file one has passed.

For the reasons explained below, the Court should deny the motion to remand [Dkt. No. 7].

## Background

Waggoner filed an Application for Temporary Restraining Order and Permanent Injunction and Debt Verification in the 134th Judicial District Court, Dallas County, Texas. *See* Dkt. No. 1-1 at 6-20. Waggoner alleges violations of consumer credit practices under 15 U.S.C. § 1601, disclosure requirements under 15 U.S.C.§ 1635, violations under 15 U.S.C. § 1538, and violations of 24 C.F.R. § 226. *See id.*

## Legal Standards

A defendant may remove an action filed in state court to federal court if it is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent

diversity jurisdiction [under 28 U.S.C. § 1332], a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003).

"To determine whether the claim arises under federal law," a district court must "examine the 'well pleaded' allegations of the complaint." *Id.* That is, federal question jurisdiction under 28 U.S.C. § 1331 only "exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (cleaned up).

To support removal under Section 1331, the party asserting federal question jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). And those allegations must be present in a pleading at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." (cleaned up)); *see also Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (cleaned up)).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 417 (5th Cir.2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be

established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 1259 (5th Cir.1988).

Federal courts have independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583-84 (1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

And, as a procedural (not jurisdictional) requirement for removal, based on the so-called rule of unanimity, if an "action is removed solely under [28 U.S.C. §] 1441(a)" based on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). But, if a case is removed under 28 U.S.C. § 1441(c) based on federal question jurisdiction over a claim that was joined in state court with "a claim not within the original or supplemental jurisdiction of the [federal] district court or a claim that has been made nonremovable by statute," "[o]nly defendants against whom [a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331)] has been asserted are required to join in or consent to the removal under" 28 U.S.C. § 1441(c)(1). 28 U.S.C. § 1441(c)(2).

## Analysis

### I. Motion to Strike

As a non-party who is not a licensed attorney, Lawrence Hill cannot represent Waggoner or file motions on his behalf. That alone would support striking or disregarding the motion to remand as violating Federal Rule of Civil Procedure 11(a)

and 28 U.S.C. § 1654. *See Speed v. Am.'s Wholesale Lender*, No. 3:14-cv-3425-L, 2014 WL 4755485, at *3 (N.D. Tex. Sept. 24, 2014).

But, out of an abundance of caution, because the Court has an independent duty to police its own subject matter jurisdiction, the Court should address – and, for the reasons explained below, reject – the arguments raised in the motion to remand.

## II. Subject Matter Jurisdiction

As Defendants' notice of removal explained, Waggoner's state-court petition raises several claims based on federal laws. *See* Dkt. No. 1-1. And so Defendants have identified a basis for jurisdiction under Section 1331 at the time of removal, and the Court has federal question jurisdiction over this case. The motion to remand's arguments regarding diversity jurisdiction are therefore irrelevant.

## III. Consent to Removal

Both named defendants filed the notice of removal through their counsel. *See* Dkt. No. 1. They timely did so on April 3, 2023, within the 30-day time to remove, because the petition was filed on March 7, 2023 (less than 30 days before removal).

Neither defendant needed to file a separate document reflecting their consents to their own removal of this action. *See generally* 28 U.S.C. § 1446. No other defendant's consent could be required under Sections 1441 and 1446, and the motion to remand's arguments to the contrary do not establish otherwise. And nothing in the statutes governing removal requires Waggoner's consent to removal. *See Siegfried v. JPMorgan Chase, N.A.*, No. 1:18-CV-1026-LY, 2019 WL 3816299, at *3 (W.D. Tex. May 17, 2019), *rep. & rec. adopted*, 2019 WL 3818038 (W.D. Tex. June 4, 2019).

### IV. Abstention

The motion to remand advocates for this Court to abstain from exercising jurisdiction based on a 1987 District of Oregon decision applying the abstention doctrine laid out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), in order to permit a state court to develop state law issues of first impression and statewide importance through this case. The Court should decline this suggestion.

"*Colorado River* abstention is a narrow exception to a federal court's virtually unflagging duty to adjudicate a controversy that is properly before it." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (cleaned up). "When a federal court has jurisdiction over a case that is part of parallel, duplicative litigation, it may abstain under *Colorado River* only in exceptional circumstances." *Expedited Serv. Partners, LLC v. 1011 Ram Fairfield AMA, LLC*, No. 7:22-cv-103-O, 2023 WL 3269697, at *1 (N.D. Tex. Mar. 27, 2023) (cleaned up).

But, as a threshold matter, "*Colorado River* abstention is appropriate only when the federal and state suits are parallel, having the same parties and the same issues." *Am. Family Life. Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (cleaned up). The motion to remand does not point to another state court action that is parallel to this action that has been removed from state court. *Accord Auto Club Fam. Ins. Co. v. Provosty*, No. CV 05-6482, 2006 WL 8456463, at *2 (E.D. La. May 23, 2006) ("The *Colorado River* abstention doctrine does not apply because the case was removed from state court, and there are no parallel proceedings pending in federal and state court.").

And *Colorado River* abstention does not support remand of a case in any event, even when a court properly finds that abstention is appropriate. *See Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465-66 (5th Cir. 2012).

## Recommendation

The Court should deny the motion to remand [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 23, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE