IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUIS WAGGONER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-700-X-BN |
| | § | |
| COMMUNITY LOAN SERVICING, LLC, and DAVID QUINT, INDIVIDUALLY and d/b/a COMMUNITIY LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. Nos. 3, 9.

Defendants Community Loan Servicing, LLC and David Quint, individually and d/b/a Community Loan Servicing, LLC, have filed a motion to dismiss. *See* Dkt. No. 5.

Plaintiff Louis Waggoner did not file a response, and his time in which to do so has passed.

For the reasons explained below, the Court should grant Defendants' motion to dismiss for failure to state a claim [Dkt. No. 5].

## Background

Waggoner filed an Application for Temporary Restraining Order and Permanent

Injunction and Debt Verification (the "Complaint") in the 134th Judicial District Court, Dallas County Texas on March 7, 2023. Dkt. No. 1-1 at 6-20. Defendants timely removed to this court on April 3, 2023, Dkt. No. 1, and then filed a motion to dismiss under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

Waggoner filed this lawsuit to stop foreclosure on his real property. *See id.* Waggoner alleges violations of consumer credit practices under 15 U.S.C. § 1601, disclosure requirements under 15 U.S.C. § 1635, violations under 15 U.S.C. § 1638, and violations of 24 C.F.R. § 226. Waggoner seeks a permanent injunction to prevent the foreclosure of his property, a recission of the "mortgage and note," and damages.

Waggoner alleges that the parties "purported to execute a Mortgage and Note" on January 27, 2009 but that they never signed the instrument and Defendants never gave him signed copies of the mortgage and note.

Waggoner alleges that Defendants failed to provide important settlement documents, including the "complete mortgage and note," and, as a result, failed to disclose his right to cancel, "that the contract entered was void and illegal," or that the interest rate in the note was higher than that in the preliminary disclosures, which he also alleges that he did not receive. Waggoner also alleges that Defendants failed to make certain disclosures under the Truth in Lending Act and violated "numerous consumer rights."

Waggoner alleges that Defendants filed a notice of foreclosure sale but that the notice did not include copies of the original wet ink signed note and deed of trust. He alleges that Defendants did not give him the required notice of default with opportunity

to cure and notice of acceleration, or an accounting of the loan history.

Defendants contend that Waggoner has failed to state a claim because his complaint is a vague, conclusory "shotgun pleading."

## Legal Standards

While Defendants have filed their motion under Rules 8(a) and 12(b)(6), a "Motion to Dismiss [filed] pursuant to Rule 8(a) of the Federal Rules of Civil Procedure [is] considered under Rule 12(b)(6)." *Elmo v. S. Foods Group, L.P.*, No. 3:05-cv-301-M, 2006 WL 1420777, at *1 n.6 (N.D. Tex. May 23, 2006) (collecting cases).

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Waggoner must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Waggoner must allege more than labels and conclusions, and, while a court must accept all of Waggoner's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (cleaned up)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint

for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

Further, "[b]ecause Plaintiff is proceeding pro se, the Court liberally construes his Complaint with all possible deference." *Muthukumar v. Univ. of Tex. at Dallas*, No.

3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see Jackson v. Roche*, Nos. 7:04-cv-0133-O & 7:02-cv-111-R, 2008 WL 2570677, at *4 (N.D. Tex. June 27, 2008) ("Because Plaintiff filed his complaint as a pro se litigant, this Court is obligated to construe the complaint liberally." (cleaned up)). *But see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("Although the Court and the parties should liberally construe pro se pleadings, such a liberal construction does not require that the Court or a defendant create causes of action where there are none." (cleaned up)).

While pro se status does not provide "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets," *Farguson v. MBank Houston, N.S.*, 808 F.2d 358, 359 (5th Cir. 1986), it is settled law that "pro se pleadings must be liberally construed to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe pro se [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"). And "a pro se plaintiff ordinarily should be given 'every opportunity' to state a possible claim for relief." *Muthukumar*, 2010 WL 5287530, at *2 (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998)). "Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a pro se plaintiff should be

given an opportunity to amend." *Id.* (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

## Analysis

Defendants argue that Waggoner failed to state a claim on which relief could be granted. The undersigned agrees.

In his pleading, Waggoner only makes conclusory allegations that the Defendants violated various statutory and regulatory provisions and, in support of his allegations, provides recitations of what these laws require. *See Iqbal*, 556 U.S. at 678.

Waggoner claims that Defendants failed or refused to provide various disclosures and notices of his rights required by law but does not include even the dates when he was supposed to have received any such documents. Without specific facts in support of his conclusory statements, Waggoner has failed to plead a plausible claim. *See Twombly*, 550 U.S. at 570.

Additionally, the Court should accept Defendants' argument that Waggoner's claims are impermissibly vague shotgun pleadings. The complaint provides only a few vague factual statements that do not clearly indicate which of the two named defendants are responsible for the alleged commissions and omissions. *See* Dkt. No. 1-1 at ¶¶ 7–14. Waggoner then incorporates by reference into each of his twenty-five claims all the prior claims' allegations. This type of pleading "lead[s] to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Copeland v. Axion Mortg. Group LLC*, No. 1:16cv159-HSO-JCG, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016 (cleaned up).

Where, as here, a plaintiff fails to allege specific, relevant facts in support of claims against an identifiable defendant, they only suggest the "mere possibility of misconduct." This possibility is insufficient to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 679.

Because Waggoner is pleading his case for the first time, he should be given the opportunity to amend his Complaint. A plaintiff's claims may be dismissed with prejudice after his first pleading if he has already pleaded his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017). In this case, Waggoner has not pleaded his best case because he has not been "apprised of the insufficiency" of his complaint, *id.*, and he would be able to improve his case by providing specific factual information to support his conclusions and specifying which defendant is responsible for the particular actions or omissions.

## Recommendation

The Court should grant Defendants' Motion to Dismiss Plaintiff's Complaint [Dkt. No. 5] and dismiss Plaintiff Louis Waggoner's claims without prejudice. The Court should grant Waggoner 21 days from the date of any order adopting these Findings, Conclusions, and Recommendations in which to file an amended complaint to replead their claims for violations of statute and request for injunctive relief and damages, if he can, consistent with this recommendation and the conclusions and findings above and should order that, if he fails to do so, those claims and his case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE